HATTIESBURG CHERO-COLA BOTTLING CO. v. PRICE.*

(Division B. Jan. 25, 1926.)

[106 So. 771. No. 25378.]

AUTOMOBILES. *Causal connection between defective brake and collision must be shown.*

Liability for collision of automobile may not be found on evidence alone of defective brake, but there must be evidence of causal connection of defect with the accident.

---

*Corpus Juris-Cyc. References: Motor Vehicles, 28 Cyc., p. 38, n. 26.

APPEAL from circuit court of Forrest county.
HON. R. S. HALL, Judge.

Action by A. M. Price against the Hattiesburg Chero-Cola Bottling Company. Judgment for plaintiff, and defendant appeals. Reversed and judgment rendered.

*T. J. Wills,* for appellant.

*Paul B. Johnson,* for appellee.

No briefs available for the Reporter.

ANDERSON, J., delivered the opinion of the court.

The judgment in this case will have to be reversed, and judgment entered here for appellant. Taking the evidence most strongly for appellee, it falls short of tending to establish a case of liability on the part of appellant. There was therefore no question for the jury.

In the first place, the evidence tending to show that the brake on the automobile truck was out of repair and defective is very scant. In the next place, there is no evidence tending to show that the condition of the brake, whatever it was, had any causal connection with the injury. There is no evidence to show whether the brake was applied or not, nor, if applied, that the injury would have been prevented. The hearsay evidence ruled out by the court, tending to show that the injury would not have occurred, had the brake been adequate, was properly ruled out. After that was ruled out, there was no evidence left upon which the jury could base a verdict of liability. Appellee's injury was the result purely of an accident, for which no one is responsible. Such occurrences do sometimes take place.

*Reversed, and judgment here for appellant.*